| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY, for itself and as Successor In Interest to International Surplus Lines Insurance Company, The North River Insurance Company, United States Fire Insurance Company and/or Westchester Fire Insurance Company, Industrial Indemnity Company, United States Fire Insurance Company of Canada, Toronto, Ontario, and Herald Insurance Company of Canada, Toronto, Ontario, <br><br> Plaintiff, <br><br> v. <br><br> CAJA NACIONAL DE AHORRO Y SEGURO, <br><br> Defendant. | Action No. 00C 6703 <br><br> JUDGE JOHN W DARRAH <br><br> MAGISTRATE JUDGE ASHMAN |

## PETITION FOR CONFIRMATION OF ARBITRATION PANEL'S AWARD

International Insurance Company, for itself and as successor in interest to International Surplus Lines Insurance Company, The North River Insurance Company, United States Fire Insurance Company and/or Westchester Fire Insurance Company, Industrial Indemnity Company, United States Fire Insurance Company of Canada, Toronto, Ontario, and Herald Insurance Company of Canada, Toronto, Ontario ("IIC"), petitions this Court to confirm the Final Award of an arbitration panel entered on October 17, 2000. In support hereof, IIC states as follows:

**Nature of the Action**

1. This is an action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*, and the Inter-American Convention on International Commercial Arbitration (the "Convention") and its implementing legislation, 9 U.S.C. § 301, *et. seq.*, to confirm an arbitration award. IIC is a domestic insurance company that purchased reinsurance from Caja Nacional de Ahorro y Seguro

("Caja"), an alien insurance and reinsurance company domiciled in Argentina. Pursuant to the terms of two reinsurance contracts entered into between the parties, IIC initiated an arbitration for Caja's failure to pay IIC over two million dollars in indemnity obligations. Caja failed to appear in the arbitration proceeding. On October 17, 2000, the arbitration panel entered a default award against Caja in the amount of $2,009,061.72 in overdue balances, $1,310,559.90 in interest; $15,000 in arbitration costs and arbitrator costs; and $46,890.50 in attorneys' fees incurred by IIC in this matter. In addition, the arbitration panel ordered Caja to pay a cash advance in the amount of $1,320,916 for its share of case reserves under the reinsurance contracts at issue in the arbitration.

**The Parties**

2. IIC is a corporation organized and existing under the laws of the State of Illinois with its current principal place of business in Manchester, New Hampshire. At the time the contracts were negotiated, IIC's principal place of business was in Chicago, Illinois.

3. Upon information and belief, Caja is a corporation organized and existing under the laws of Argentina with its principal place of business in Buenos Aires, Argentina. Caja was formerly wholly owned by the government of Argentina, but, upon information and belief, is now privately owned.

**Jurisdiction**

4. Jurisdiction of this Court is proper pursuant to 9 U.S.C. § 203 and 9 U.S.C. § 302 inasmuch as this is an action or proceeding falling under the convention.

5. Venue is properly maintained in this district pursuant to 9 U.S.C. § 204 and 9 U.S.C. § 302.

## Facts

6. IIC and Caja entered into two reinsurance treaties at issue in the arbitration, the Casualty Reinsurance Agreement incepting on January 1, 1979 and terminating on December 31, 1983, and the Casualty Excess Reinsurance Agreement incepting on March 15, 1979 and terminating on December 31, 1981 (the "Treaties").

7. Article XXI of each Treaty contains an arbitration clause, requiring the arbitration of "any dispute . . . with reference to the interpretation of this Agreement or the rights of either party with respect to any transaction under this Agreement . . ."

8. Article XXI of each Treaty further provides that any such dispute shall be referred to three Arbitrators, "one to be chosen by each party and the third by the two so chosen." Finally, the Treaties provide that "[i]f either party refuses or neglects to appoint an Arbitrator within thirty days after receipt of written notice from the other party requesting it to do so, the requesting party may nominate two arbitrators who shall choose the third."

9. Article XVI of each Treaty obligated Caja, as an unauthorized reinsurer, to provide cash advances or fund letters of credit or escrow accounts "if a penalty would accrue to the Company on its statement without such funding."

10. On April 10, 2000, IIC demanded arbitration with Caja with respect to amounts due under the Treaties. IIC appointed its arbitrator in its demand letter. The arbitration demand was served on Caja via Express Mail International and Federal Express International, and also by certified mail on Lord Bissell and Brook of Chicago, Illinois ("Lord Bissell"), specified as Caja's agent for service of process in Article XX of each Treaty.

11. Caja did not respond to IIC's arbitration demand, failing to name its arbitrator within

- 3 -

thirty days of its receipt of the arbitration demand, as required by the arbitration provision of each Treaty. Accordingly, IIC named a second arbitrator on May 26, 2000. IIC notified Caja that it had appointed a second arbitrator via correspondence dated May 26, 2000 and sent by Express Mail International and Federal Express International. This correspondence was also sent via certified mail to Lord Bissell, designated as Caja's agent. The two arbitrators appointed a third arbitrator.

12. Article XXI of the Treaties required the parties to submit their case to the arbitration panel within thirty days of the formation of the panel. The panel was formed as of July 21, 2000 when the third arbitrator notified the parties that he had been selected by the other two. IIC submitted its Statement of Issues to the Panel on August 4, 2000, serving its Statement of Issues upon Caja by Federal Express International and Express Mail International and upon Lord Bissell by facsimile, on that same day. Caja failed to submit its case.

13. Following their appointment, the arbitration panel scheduled a telephonic hearing with the parties and their counsel to discuss issues, potential discovery, and a schedule for the proceedings. Caja was notified of the scheduled hearing via correspondence dated July 31, 2000 and August 4, 2000. That correspondence was sent to Caja by Express Mail International and Federal Express International. The July 31, 2000 correspondence was sent to Lord Bissell via Federal Express, and the August 4, 2000 correspondence was sent to Lord Bissell via facsimile. The telephonic hearing took place on August 14, 2000. Caja failed to participate.

14. During the August 14, 2000 telephonic hearing, IIC accepted the arbitration panel. After acceptance of the panel by IIC, the panel set a schedule for the arbitration proceeding. The schedule required IIC to make its pre-hearing submissions to the panel and Caja by September

18, 2000, and Caja to make its pre-hearing submissions to the panel and IIC by October 2, 2000. The panel also scheduled the arbitration hearing in this matter for October 17, 2000. A transcript of the telephonic hearing, along with additional correspondence outlining the schedule, was sent on August 21, 2000 to Caja via Federal Express International and Express Mail International and to Lord Bissell by U.S. mail.

15. IIC made its pre-hearing submission as required on September 18, 2000, serving copies on Caja by Federal Express International and Express Mail International and on Lord Bissell by facsimile and messenger on that same day. Caja failed to provide any pre-hearing submission.

16. On October 17, 2000, the arbitration hearing was held in Chicago, Illinois. Caja failed to appear.

### Cause of Action

17. On October 17, 2000, the panel entered its written Final Award, attached as Exhibit A hereto. The Final Award requires, *inter alia*, that:

    a.    Caja pay to IIC $2,009,061.72 in overdue balances;

    b.    Caja pay to IIC $1,310,559.90 in interest;

    c.    Caja pay to IIC $15,000 in arbitration costs and arbitrator costs;

    d.    Caja pay to IIC $46,890.50 in attorneys' fees incurred by IIC in this matter;

    e.    Caja to pay $1,320,916 as a cash advance to cover Caja's share of case reserves under the Treaties; and

    f.    The amounts to be paid under paragraphs (a) through (e) be paid within

fifteen days of the date of the Final Award, or by November 1, 2000.

18. The total amount to be paid by Caja to IIC pursuant to the Final Award is $4,702,428.12.

19. Article XXI of each Treaty provides that "judgment may be entered upon the award of the Arbitrators in any court having jurisdiction."

WHEREFORE, International Insurance Company respectfully requests that this Court confirm the Final Award of the arbitration panel and enter judgment against Caja Nacional de Ahorro y Seguro in accordance with the terms thereof.

INTERNATIONAL INSURANCE COMPANY,
for itself and as successor in interest to International Surplus Lines Insurance Company, The North River Insurance Company, United States Fire Insurance Company and/or Westchester Fire Insurance Company, Industrial Indemnity Company, United States Fire Insurance Company of Canada, Toronto, Ontario, and Herald Insurance Company of Canada, Toronto, Ontario

By: /s/ Randi Ellias
One of its Attorneys

James I. Rubin (Attorney I.D. No. 02413191)
R. Douglass Bond (Attorney I.D. No. 06203843)
Randi Ellias (Attorney I.D. No. 06237021)
Butler, Rubin, Saltarelli & Boyd
1800 Three First National Plaza
Chicago, Illinois 60602
(312) 444-9660

W:\I\IIC\Caja\Confirmation\petition for confirmation.doc

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
INTERNATIONAL INSURANCE COMPANY

## DEFENDANTS
CAJA NACIONAL DE AHORRO Y SEGURO

**DOCKETED**
**OCT 3 0 2000**

00C 6703

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE ASHMAN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: NH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Butler, Rubin, Saltarelli & Boyd
1800 Three First National Plaza
Chicago, IL  60602

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Petition for confirmation of arbitration award

9 U.S.C. §1, et.seq. and 9 U.S.C. §301, et.seq.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ $4,702,428.12

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number ____, previously dismissed by Judge ____

DATE: October 27, 2000

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

INTERNATIONAL INSURANCE COMPANY,
    Plaintiff,

vs.

CAJA NACIONAL DE AHORRO Y SEGURO,
    Defendant.

DOCKETED OCT 3 0 2000

Case Number: 00C-6703

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
International Insurance Company

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE ASHMAN

| (A) | (B) |
|---|---|
| SIGNATURE: /s/ James I. Rubin | SIGNATURE: /s/ R. Douglass Bond |
| NAME: James I. Rubin | NAME: R. Douglass Bond |
| FIRM: Butler Rubin Saltarelli & Boyd | FIRM: Butler Rubin Saltarelli & Boyd |
| STREET ADDRESS: 1800 Three First National Plaza | STREET ADDRESS: 1800 Three First National Plaza |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: Chicago, IL 60602 |
| TELEPHONE: (312) 444-9660 / FAX: (312) 444-9702 | TELEPHONE: (312) 444-9660 / FAX: (312) 444-9702 |
| E-MAIL: jrubin@butlerrubin.com | E-MAIL: dbond@butlerrubin.com |
| IDENTIFICATION NUMBER: 02413191 | IDENTIFICATION NUMBER: 06203843 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE: /s/ Randi Ellias | SIGNATURE: |
| NAME: Randi Ellias | NAME: |
| FIRM: Butler Rubin Saltarelli & Boyd | FIRM: |
| STREET ADDRESS: 1800 Three First National Plaza | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE: (312) 444-9660 / FAX: (312) 444-9702 | TELEPHONE: / FAX: |
| E-MAIL: rellias@butlerrubin.com | E-MAIL: |
| IDENTIFICATION NUMBER: 06237021 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |