Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6703 | **DATE** | 3/26/2001 |
| **CASE TITLE** | INTERNATIONAL INS. CO. vs. CAJA NACIONAL DE AHORRO Y SEGURO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter amended memorandum opinion and order. Defendant's 26th affirmative defense reserves the right to amend its answer to assert any additional affirmative defenses as may become apparent through discovery. This is a proper affirmative defense under Rule 15(a), which allows the courts to grant leave to amend pleadings. This Rule applies to answers and affirmative defenses as well as complaints. See Renalds, 119 F.Supp.2d at 803. Accordingly, affirmative defense 26 is not stricken.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 0 2 2001 date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

INTERNATIONAL INSURANCE COMPANY, )
)
Plaintiff, )
)
v. )
) No. 00 C 6703
CAJA NACIONAL DE AHORRO Y SEGURO, )
) Judge John W. Darrah
)
Defendant. )

## AMENDED MEMORANDUM OPINION AND ORDER

In October, 2000, an arbitration panel awarded plaintiff, International Insurance Company, an award of $4,702,428.12 against defendant, Caja Nacional De Ahorro Y Seguro. Later that month, plaintiff filed a petition for confirmation of the arbitration award, and defendant subsequently filed an answer to such petition. Before the Court is plaintiff's motion for an order requiring defendant to post a pre-judgment security and to strike defendant's answer and affirmative defenses.

Plaintiff is a domestic insurance company that purchased reinsurance from defendant, an alien insurance and reinsurance company headquartered in Argentina. Pursuant to two reinsurance contracts between the parties, plaintiff initiated an arbitration due to defendant's failure to pay plaintiff over $2 million in indemnity obligations. Defendant failed to appear at the arbitration, and the arbitration panel entered a final default award against defendant.

Plaintiff argues that defendant's answer to the petition for confirmation of the arbitration award should be stricken because defendant failed to post a security prior to filing the answer as required by Illinois Insurance Code. Defendant argues that, as an instrumentality of a foreign



government, it is not required to post a security pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. 1600 *et seq.* (FSIA).

Under Illinois insurance law, a foreign or alien company is required to file a pre-judgment security with the court that is sufficient to secure the payment of any final judgment that may be rendered prior to filing any pleadings with the court. 215 ILCS 5/123(5). However, the FSIA provides foreign states immunity from filing pre-judgment security. *See* 28 U.S.C. § 1609; *Stephens v. National Distillers & Chemical Corp.*, 69 F.3d 1226, 1230 (2nd Cir. 1995) (*Stephens*). Section 1609 of the FSIA provides that:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property of the United States or a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of the chapter.

Defendant, relying on *Stephens*, alleges that as an instrumentality of a foreign state, it is not required to post a security under the Illinois Insurance Code because the posting of such security is considered a pre-judgment attachment. *See Stephens*, 69 F.3d at 1229 (finding the posting of a security bond under New York insurance law constituted a pre-judgment attachment for purposes of the FSIA).

Section 1609 of the FSIA specifically states that the provision is "subject to existing international agreements." In September, 1970, the United States acceded to The Convention on the Recognition and Enforcement of Foreign Arbitration Awards, commonly known as the New York Convention, and incorporated into law by 9 U.S.C. § 201 *et seq. See Publicis Communication v. True North Communications Inc.*, 206 F.3d 725, 728 (7th Cir. 2000). The FSIA was enacted in October of 1976; therefore, the New York Convention was an existing international agreement at the time the FSIA was enacted. Both the United States and Argentina are signatories of the New

York Convention.

The purpose of the New York Convention was to effectuate arbitration proceedings and their enforcement in international contracts and to unify the standards by which arbitration agreements are observed and arbitration awards are enforced. *See Scherk v. Albert-Culver Co.*, 417 U.S. 506, 520 (1974). Article VI of the New York Convention allows this Court to order a party denying enforcement of an award to "give suitable security" if an application for the setting aside or suspension of the award has been made. *See* 9 U.S.C. § 201; *Skandia America Reinsurance Corp. v. Caja Nacional De Ahorro Y Segero*, 1997 WL 278054, No. 96 C 2301 (S.D.N.Y. May 23, 1997) (*Skandia*). Importantly, *Stephens*, relied upon by the defendant as discussed above, did not involve an arbitration award; and the *Stephens* court specifically stated that there was no relevant treaty that predated the FSIA or that would preempt the provision of the FSIA. *Stephens*, 69 F.3d at 1229.

Here, plaintiff filed a petition for the confirmation of the arbitration award, and defendant filed an answer indicating that it lacked knowledge and information to form a belief as to any of the allegations made against it. Defendant also filed 26 affirmative defenses, alleging, in part, that coverage is barred for numerous reasons and that plaintiff's claims are barred by several doctrines, *i.e.*, waiver, estoppel, and unclean hands. Defendant has also failed to pay the arbitration award. Therefore, the Court finds that defendant has in effect moved to suspend or set aside the award, and Article VI of the New York Convention applies to the present case. *See Skandia*, 1997 WL 278054 at * 5 (finding respondents in effect moved to suspend the award based on respondent's failure to pay the award and responsive pleadings).

Accordingly, pursuant to the New York Convention, defendant is not immune from the posting requirement of the Illinois Insurance Law. Defendant's answer and affirmative defenses are

stricken. Defendant is ordered to post adequate security in an amount no less than $4,702,428.12 before filing a new answer and any affirmative defenses pursuant to the Illinois Insurance Code.

Plaintiff also seeks to strike all of defendant's affirmative defenses because they do not constitute grounds to vacate the arbitration award under the applicable statutes and/or treaties. While the security issue addressed above is dispositive, in the interest of judicial economy, the issue regarding defendant's affirmative defenses will be addressed to aid defendant in the event security and a valid answer are filed.

Federal Rules of Civil Procedure 8(c) requires a party to set forth affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (*Heller*). Such motions are generally granted only when the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobey v. Kelly Kean Nissan, Inc.*, 864 F.Supp. 726, 732 (N.D.Ill. 1993).

Affirmative defenses, as pleadings, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294. Therefore, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. Proc. 8(a). The allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. Narrated facts with bare legal conclusions are not sufficient. *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D.Ill. 2000) (*Renalds*).

In the present case, plaintiff seeks enforcement of an arbitration award. Therefore, defendant's affirmative defenses must be related to the modification or vacation of an arbitration

4

award. Under the New York Convention, an award may be vacated if: (1) the parties to the agreement were under some incapacity or the agreement was not valid under the applicable law; (2) the party to whom the award is invoked was not given proper notice of the arbitration proceedings; (3) the award deals with a difference not contemplated by the parties or not falling within the terms of the arbitration; (4) the arbitration panel was not in accordance with the agreement or applicable laws; (5) the award is not yet binding on the parties or has been set aside; (6) the subject matter of the difference is not capable of settlement by arbitration under the applicable law; or (7) the recognition or enforcement of the award would be contrary to public policy of that country. 9 U.S.C. § 201, art. 5. The grounds for vacating an arbitration award under the Inter-American Convention on International Commercial Arbitration are essentially the same as those stated above for the New York Convention. *See* 9 U.S.C. § 301, art. 5.

Pursuant to the Federal Arbitration Act (FAA), an arbitration award may be vacated if: (1) the award was procured by corruption, fraud, or undue means; (2) there was evidence of partiality or corruption in the arbitrators; (3) the arbitrators were guilty of certain types of misconduct; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10 (a)(1)-(5). An arbitration award may be modified under the FAA if: (1) there is evidence of material miscalculation or mistake in the description of any person, thing, or property referred to in the award; (2) or the arbitrators awarded on a subject not before them; or (3) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11 (a)-(c).

I. Affirmative Defense No. 1.

Defendant's first affirmative defense states, "The petition fails to state facts sufficient to allege claims against Caja upon which relief may be granted." This first defense is a recitation of

the standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). The defense identifies the legal theory without indicating how it is connected to the present case. While the Federal Rules of Civil Procedure allow liberal pleadings, they do not allow a claimant to merely recite the standard for a motion to dismiss under Rule 12(b)(6). *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982); *Renalds*, 119 F.Supp.2d at 803-04. Accordingly, defendant's first affirmative defense is stricken.

II. Affirmative Defenses Nos. 2-7 and 10-19

Defendant's affirmative defenses numbered 2-7 and 10-19 can be categorized as defenses related to coverage under the policies. As written, and interpreted broadly, these defenses do not fall within any of the categories for the vacation or modification of an award. Defendant cannot make arguments related to the coverage of the policies. The affirmative defenses to the applicable coverage should have been made at the time of arbitration, not during proceedings for the enforcement of the arbitration award. Accordingly, affirmative defenses 2-7 and 10-19 are stricken.

III. Affirmative Defenses Nos. 8 and 9

Defendant's affirmative defenses numbered 8 and 9 argue that liability is barred for public policy reasons. These grounds are included in the applicable statutes and are not stricken. *See* 9 U.S.C. § 201, art. 5 (2)(b); 9 U.S.C. § 301, art. 5 (2)(b).

IV. Affirmative Defenses Nos. 20-25

Defendant's affirmative defenses numbered 20-25 aver that plaintiff's claims are barred by the statute of limitations, laches, waiver, estoppel, and unclean hands. While these defenses may not fall within grounds for vacating the arbitration, they may be defenses to plaintiff's suit for enforcement. Accordingly, affirmative defenses 20-25 are not stricken.

V. Affirmative Defense No. 26

Defendant's 26th affirmative defense reserves the right to amend its answer to assert any additional affirmative defenses as may become apparent through discovery. This is a proper affirmative defense under Rule 15(a), which allows the courts to grant leave to amend pleadings. This Rule applies to answers and affirmative defenses as well as complaints. *See Renalds*, 119 F.Supp.2d at 803. Accordingly, affirmative defense 26 is not stricken.

Dated: March 26, 2001

JOHN W. DARRAH
United States District Judge



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

CHAMBERS OF
JOHN W. DARRAH
JUDGE

(312) 435-5619

March 28, 2001

James I. Rubin
Butler, Rubin, Saltarelli & Boyd
Three First National Plaza
70 West Madison Street
Chicago, IL 60602

Richard M. Clark
McKenna, Storer, Rowe, White & Farrug
200 North LaSalle Street
Suite 3000
Chicago, IL 60601

Jorge W. Moreira
130 West 142nd Street
Suite 501
New York, NY 10036

Re: **International Insurance Company v. Caja Nacional De Ahorro Y Seguro**
**Case No. 00 C 6703**

Dear Counsel:

Enclosed please find a copy of an Amended Memorandum Opinion and Order which has been entered by Judge John W. Darrah on March 26, 2001 in the above-captioned matter.

Please be advised that a scrivener's error has been corrected in the first line of Page 4 in that the word "Plaintiff" has been changed to "Defendant". The correct wording is "Defendant is ordered to post adequate security . . ."

Very truly yours,

Kathryn E. Bianchetti
Secretary to Judge John W. Darrah

Enclosure