# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6703 | **DATE** | 11/27/2001 |
| **CASE TITLE** | International Insurance Company vs. CAJA Nacional De Ahorro Y Seguro | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendant's motion for relief of judgment pursuant to Rule 60(b) is denied. Defendant's motion to quash citation to discover assets is granted. The rule to show cause issued against defendant is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 28 2001 | |
| | Notified counsel by telephone. | | date docketed | 45 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 01 NOV 27 PM 4:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. )
) No. 00 C 6703
CAJA NACIONAL DE AHORRO Y SEGURO, )
) Judge John W. Darrah
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

In October 2000, an arbitration panel awarded plaintiff, International Insurance Company, an award of $4,702,428.12 against defendant, Caja Nacional De Ahorro Y Seguro (Caja), an Argentina entity. In its March 26, 2001 Amended Memorandum Opinion and Order, this Court ordered defendant to post a pre-judgment security and struck defendant's answer to the petition. Defendant failed to post a pre-judgment security and answer to plaintiff's petition. Default judgment was issued against defendant on July 5, 2001. On September 5, 2001, plaintiff filed a citation to discover assets as a supplementary proceeding for aid in enforcing its judgment against defendant. The citation had a return date of October 2, 2001. Defendant did not file a response to the citation and failed to produce witnesses or documents on October 2, 2001. This Court entered a rule to show cause against defendant and set a rule to show cause hearing for October 31, 2001.

On October 24, 2001, defendant filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). On October 29, 2001, defendant filed a motion to quash the citation to discover assets.

I. Motion for Relief of Judgment

Defendant seeks relief from the default judgment awarded on July 5 2001, arguing that the judgment was based on the Court's March 26, 2001 Order, in which the Court "inadvertently" misapplied the effective dates of two international treaties, the application of which were fundamental to and determinative of the Court's decision that defendant was required to post a pre-judgment security.

In the March 26 2001 Order, the Court quoted Section 1609 of the Foreign Sovereign Immunities Act (FSIA), which provides that:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property of the United States or a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of the chapter.

The Court found that an existing international agreement to which the United States was a party existed at the time the Act was enacted, finding:

> In September, 1970, the United States acceded to The Convention on the Recognition and Enforcement of Foreign Arbitration Awards, commonly known as the New York Convention, and incorporated into law by 9 U.S.C. § 201 *et seq. See Publicis Communication v. True North Communications Inc.*, 206 F.3d 725, 728 (7th Cir. 2000). The FSIA was enacted in October of 1976; therefore, the New York Convention was an existing international agreement at the time the FSIA was enacted. Both the United States and Argentina are signatories of the New York Convention.

Defendant alleges that the Court inadvertently found that an international agreement existed because Argentina did not accede to the convention until 1989; therefore, as between the United States and Argentina, the New York Convention was not in effect until 1989 and not an existing

2

international agreement for purposes of the FSIA in October 1976 when the FSIA was enacted. Defendant has also filed an appeal to the Seventh Circuit, in which defendant argues that the Court's above finding was a legal error.

Rule 60(b) allows a party to move to relieve a party of a final judgment due to mistake or inadvertence. Fed. R. Civ. P. 60(b). A motion brought pursuant to Rule 60 alleging mistake or inadvertence must be filed within a reasonable time and not more than one year after the judgment. Fed. R. Civ. P. 60(b). However, courts have not construed "mistake or inadvertence" pursuant to Rule 60(b) as used by the defendants. For example, a mistake or inadvertence has been found where the court mistakenly dismissed pendent claims on the merits when the court actually intended to dismiss the pendent claims without prejudice, *Bank of California v. Arthur Anderson & Co.*, 709 F.2d 1174, 1178 (7th Cir. 1983), and where the court mistakenly dismissed the suit with prejudice when it intended to dismiss the suit without prejudice, *Wesco Prod. Co. v. Alloy Automotive Co.*, 880 F.2d 981, 985 (7th Cir. 1989).

Rule 59(e) also allows a party to move to alter or amend a judgment. A motion brought pursuant to Rule 59 must be filed no later than ten days after the entry of the judgment. Fed. R. Civ. P. 59(e). Alleged mistakes of law committed by a trial court are corrected through a motion for a new trial (Rule 59) or appeal, rather than Rule 60(b). *Parke-Chapley Const. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989).

Here, defendant labels the Court's finding of an existing international agreement as an indavertance because Argentina had not acceded to the New York Convention until a date after the FSIA was enacted. However, defendant's argument is essentially that the court made a legal error in finding that an existing international agreement existed at the time the FSIA was enacted.

3

Defendant argues, for the first time, that both the United States and Argentina had to have acceded to the New York Convention to be "an existing international agreement[] to which the United States is a party at the time of enactment of this Act" under Section 1609 of the FSIA. Such argument represents a challenge to the correctness of legal findings of the Court, not a mere inadvertence by the Court. Therefore, defendant was required to request an amendment from the default judgment pursuant to Rule 59(e) within ten days of the issuance of the judgment and/or appeal the Court's judgment. Defendant failed to bring a motion under Rule 59(e) in a timely manner. Defendant did appeal the Court's ruling, which is presently pending before the Seventh Circuit, in which defendant makes the same *legal* argument.

Based on the above facts, defendant's Motion for Relief of Judgment Pursuant to FRCP 60(b) is untimely and is denied.

II. Motion to Quash Citation to Discover Assets

Defendant also seeks to quash plaintiff's citation to discover assets, alleging several fatal defects in the citation.

Defendant argues that the citation should be quashed because the citation does not indicate that it was issued by the clerk of the court as required by Illinois Civil Procedure and Illinois Supreme Court Rule 277.

Rule 69 of the Federal Rules of Civil Procedure provides, in pertinent part, that supplemental proceedings to enforce a judgment are to be made in accordance with the practice and procedure of the state in which the district court resides. Fed. R. Civ. P. 69. The Illinois Code of Civil Procedure requires that all "supplemental proceedings shall be commenced by the service of a citation issued by the clerk of the court..." 735 ILCS 5/2-1402. Illinois Supreme Court Rule 2777 provides, in

4

pertinent part, that a supplemental proceeding is commenced by the service of a citation and the "clerk shall issue a citation upon oral request..."

Plaintiff filed the present citation with the Clerk of the United States District Court on September 5, 2001; and the citation contains the "received" stamp, date, and designation of the Clerk of the Court. The citation does not contain a designated signature/date line for the Clerk of Court or contain such a signature or seal of the Clerk's Office.

In support of its argument that merely filing the citation with the Clerk of the Court and not having the citation "issued" by the Clerk of the Court is improper, defendant has enclosed a copy of the form for the Citation to Discover Assets used in the Circuit Court of Cook County, Illinois. The form contains a signature line for the clerk of the court and an area designated for the clerk's seal. Defendant also avers through affidavit that the Intake Supervisor of the Clerk's Office of this Court informed defendant that a citation must be prepared in accordance with Illinois law and that for such citation to be issued by the Clerk's Office, it must contain a signature and date line for the Clerk of the Court. The Intake Supervisor informed defendant that when a citation is presented to the Clerk's Office, the clerk verifies the amount of the judgment, signs the citation, and places the embossed seal of court upon the document; then the original citation is returned to the party for proper service.

Section 5/2-1402 does not define the term "issue" and does not specify what constitutes an issuance. However, all writs and processes issued from United States courts "shall be made under seal of the court and signed by the clerk thereof." *See* 28 U.S.C. 1691. The Clerk of the Court also "issues" other documents. For example, the Clerk's Office issues a summons pursuant to Federal Rule of Civil Procedure 4. Rule 4(b), entitled "Issuance", states, in pertinent part:

> the plaintiff may present a summons to the clerk for signature and

5

seal. If the summons is in the proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant.

Black's Law Dictionary defines "issue" as "[t]o put forth officially ... [t]o send out or distribute officially." Black's Law Dictionary 836 (7th ed.1999).

The issuance of a citation, as described by the Intake Supervisor, complies with the requirements for the issuance of a summons pursuant to federal statute and rule. Furthermore, requiring an indicia that the Clerk's Office did more than merely accept a filing; instead, demonstrating that the Clerk's Office reviewed, signed, and placed the Court's seal on the documents, is consistent with putting forth such document officially. *See* Black's Law Dictionary 836 (7th ed.1999). Accordingly, plaintiff, in the present case, was required to have the Clerk's Office issue the citation to discover assets. Such issuance included a review of the citation and a signature, date, and court seal, indicating that the citation was correct and "issued". Plaintiff failed to do so. Therefore, plaintiff's citation was not properly served, and defendant's Motion to Quash Citation To Discover assets is granted.

Furthermore, the Court's Rule to Show was issued because defendant failed to appear to the citation to discover assets. The citation was not properly served on defendant and, as stated above, is stricken. Accordingly, the rule to show cause is also stricken.

For the reasons stated above, defendant's Motion for Relief of Judgment Pursuant to Rule 60(b) is denied. Defendant's Motion to Quash Citation to Discover Assets is granted. The rule to show cause issued against defendant is stricken.

Dated: 11/27/01

JOHN W. DARRAH
United States District Judge