# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6703 | **DATE** | 3/17/2004 |
| **CASE TITLE** | International Insurance Company vs. Caja Nacional De Ahorro Y Seguro | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, Dr. Sobral's deposition is to be taken pursuant to FRCP 30. Enter Memorandum Opinion Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 18 2004 | |
| | Docketing to mail notices. | | date docketed | 101 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 MAR 17 PM 4:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL INSURANCE COMPANY, )
)
Plaintiff, )
)
v. )
) No. 00 C 6703
CAJA NACIONAL DE AHORRO Y SEGURO, )
) Judge John W. Darrah
Defendant. )

DOCKETED
MAR 1 8 2004

## MEMORANDUM OPINION AND ORDER

In October 2000, an arbitration panel awarded Plaintiff, International Insurance Company, an award of $4,702,428.12 against Defendant, Caja Nacional De Ahorro Y Seguro (Caja), an Argentine entity. In its March 26, 2001 Amended Memorandum Opinion and Order, this Court ordered Defendant to post a pre-judgment security and struck Defendant's answer to the petition. Defendant failed to post a pre-judgment security and answer to Plaintiff's petition. Default judgment was issued against Defendant on July 5, 2001. On September 5, 2001, Plaintiff filed a citation to discover assets as a supplementary proceeding for aid in enforcing its judgment against Defendant. The citation had a return date of October 2, 2001. Defendant did not file a response to the citation and failed to produce witnesses or documents on October 2, 2001. This Court entered a rule to show cause against Defendant and set a rule to show cause hearing for October 31, 2001.

On November 27, 2001, the Court quashed the outstanding citation to discover assets. That same day, Plaintiff filed a new citation to discover assets. On June 6, 2002, the Court ordered Defendant to comply with Plaintiff's discovery requests by June 20, 2002. Defendant failed to comply with the discovery requests; and, on December 4, 2002, the Court awarded Plaintiff sanctions

101

in the amount of $2,000 per day for Defendant's refusal to respond in good faith with the requested discovery materials. In July 2003, Defendant provided responses to Plaintiff's interrogatories; however, Defendant's response to interrogatory #2 was incomplete. At the September 30, 2003 status hearing, Plaintiff noted the deficiencies in Defendant's responses. Defendant's counsel offered the deposition of Dr. Guillermo Sobral, the current liquidator of Defendant, to provide an explanation of the extent of the Ministry of the Economy's knowledge regarding Defendant's assets. The court ordered the parties to confer and prepare a joint status report.

On October 21, 2003, the parties presented their joint status report that Dr. Sobral would be deposed in Argentina "pursuant to U.S. Federal Rules of Civil Procedure," and that Defendant's counsel would provide dates for the deposition. The parties requested ninety days to complete the deposition and to translate and analyze the transcript. The Court granted the request and set the next status hearing for January 27, 2004.

Defendant failed to comply with the joint status report, and Plaintiff filed a Motion to Compel. In its response to Plaintiff's Motion to Compel, Defendant stated that it would amend its answer to interrogatory #2, produce the requested documents, and make Dr. Sobral available for deposition in Buenos Aires pursuant to the Hague Convention of the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). Defendant did not dispute Plaintiff's statement that the parties had previously agreed that Dr. Sobral's deposition would be taken as an American-styled, question-and-answer deposition. On February 26, 2004, the Court granted Plaintiff's Motion to Compel, ordering the Defendant to provide deposition dates for Dr. Sobral.

Subsequently, Defendant sought "clarification" of the Court's February 26 Order, contending that Dr. Sobral should be deposed in accordance with the Hague Convention. Plaintiff opposes the

2

deposition pursuant to the Hague Convention, arguing that Defendant is judicially estopped from arguing that the Hague Convention procedures must be used and that the facts of the instant case warrant application of the Federal Rules of Civil Procedure, not the Hague Convention.

In its brief addressing the present issue, Defendant argues that the joint status report only indicated that the deposition would occur pursuant to the U.S. Federal Rules of Civil Procedure and did not specify Federal Rule of Civil Procedure 30. As such, Defendant argues that the deposition could also be governed by Federal Rule of Civil Procedure 28(b), which allows for depositions pursuant to the Hague Convention. However, Defendant still does not contest Plaintiff's contention that the parties' previous agreement, as set forth in the joint status report, was for the deposition to occur as an American-style, question-and-answer deposition as set forth in Federal Rule of Civil Procedure 30. Accordingly, Defendant's argument that the joint status report should be interpreted to show the parties' intent was to allow the deposition be governed by the Hague Convention is without merit.

The doctrine of judicial estoppel prohibits a litigant to repudiate a legal position on which it has prevailed. *See Continental Ill. Corp. v. Commissioner of Internal Revenue*, 998 F.2d 513, 518 (7th Cir. 1993) (*Continental*). Generally, the doctrine is applied to successive lawsuits; however, it is not limited to only successive lawsuits. *See Continental*, 998 F.2d at 518. "A party can argue inconsistent positions in the alternative, but once it has sold one to the court it cannot turn around and repudiate it in order to have a second victory...." *Continental*, 998 F.2d at 518.

Here, the Defendant previously represented to the Plaintiff, as well as the Court, that it had agreed to have Dr. Sobral's deposition be taken as an American-style, question-and-answer deposition. Defendant does not dispute this representation. Now, after significant delays in these

post-judgment proceedings, Defendant seeks to change his position. This change in position is barred by the doctrine of judicial estoppel.

Furthermore, the facts of this case warrant the application of the Federal Rules of Civil Procedure for Dr. Sobral's deposition as opposed to the Hague Convention.

The Hague Convention is not the exclusive avenue for obtaining discovery in a foreign country. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern Dist. of Iowa*, 482 U.S. 522, 539-40 (1987) (*Societe*). Courts must determine on a case-by-case basis whether it is more appropriate to take discovery in a foreign country under the Hague Convention or under the Federal Rules of Civil Procedure. Three factors the court utilizes to determine which method of discovery should be utilized are: (1) the appropriateness of the proposed discovery given the facts of the particular case, (2) the sovereign interests involved, and (3) the likelihood that resort to the Hague Convention would be an effective discovery device. *See Societe*, 482 U.S. at 544-46; *In re Aircrash Disaster Near Roselawn, Indiana October 31, 1994*, 172 F.R.D. 295, 309 (N.D. Ill. 1997).

Here, the proposed discovery is directly relevant to the enforcement of the now four-year-old arbitration award. Defendant has asserted that all of its assets have been transferred to the Argentine government; and, thus, it has no remaining assets. However, Defendant has failed to provide any information with respect to the status or nature of the transferred assets. Plaintiff seeks the deposition of Dr. Sobral because he has been identified by Defendant as the individual who provided Defendant with the limited information that Defendant has provided to Plaintiff.

Defendant argues that a question-and-answer deposition is not appropriate because it differs from the norm in Argentina, and such depositions can be considered by Argentine nationals as an

4

affront or invasion of privacy. However, the U.S. courts have no duty to use the procedures normally used in a foreign country. *See Societe*, 482 U.S. at 543-44. In addition, Plaintiff does not seek any personal information from Dr. Sobral. Instead, Plaintiff seeks information about the assets of the Defendant.

As to the second factor, "[f]irst and foremost, the United States has its own sovereign interest in protecting its citizens." *In re Aircrash*, 172 F.R.D. at 309. Defendant argues that requiring Dr. Sobral to sit for a deposition pursuant to the Federal Rules of Civil Procedure would be an affront to the sovereignty of Argentina because Defendant is now under the control of the Argentine state, through the Ministry of Economy and Production. However, the information sought by Plaintiff relates to an entity which was not under the control of the Argentine government at the time of the transactions between the parties and relates to assets of the Defendant, not Argentina.

In addition, the interest in the United States' protecting its citizens outweighs the interests asserted by Defendant under the facts of the instant case. Defendant's efforts to avoid the application of the Federal Rules of Civil Procedure would undermine the United States' interests by further delaying and frustrating the discovery of the information to which Plaintiff is legally entitled. Defendant has already delayed the discovery of this information and has been sanctioned for such delay.

Lastly, allowing the discovery of the material sought pursuant to the Hague Convention would not be an effective discovery device. As stated above, Defendant has a history of avoiding and delaying discovery in this case; and requiring that information sought be provided by the letter request process would only further delay the present proceedings. The letter requests sought to be used by Defendant under the Hague Convention are generally considered inferior to the traditional

deposition format because the deposition format is more flexible and efficient. In addition, letter requests often generate answers prepared by lawyers rather than the witness. *See Madness v. Madness*, 199 F.R.D. 135, 142 (S.D.N.Y. 2001).

For the foregoing reasons, Dr. Sobral's deposition is to be taken pursuant to Federal Rule of Civil Procedure 30.

Dated: March 17, 2004

JOHN W. DARRAH
United States District Judge