# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 00 C 6703 |
| CAJA NACIONAL DE AHORRO Y SEGURO, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In October 2000, an arbitration panel awarded Plaintiff, International Insurance Company, an award of $4,702,428.12 against Defendant, Caja Nacional De Ahorro Y Seguro (Caja), an Argentine entity. In its March 26, 2001 Amended Memorandum Opinion and Order, this Court ordered Defendant to post a pre-judgment security and struck Caja's answer to the petition. Caja failed to post a pre-judgment security and failed to answer Plaintiff's petition. Default judgment was issued against Defendant on July 5, 2001. On September 5, 2001, Plaintiff filed a citation to discover assets as a supplementary proceeding for aid in enforcing its judgment against Caja. The citation had a return date of October 2, 2001. Caja did not file a response to the citation and failed to produce witnesses or documents on October 2, 2001. This Court entered a rule to show cause against Caja and set a rule to show cause hearing for October 31, 2001.

On November 27, 2001, the Court quashed the outstanding citation to discover assets. That same day, Plaintiff filed a new citation to discover assets. On June 6, 2002, the Court ordered Caja to comply with Plaintiff's discovery requests by June 20, 2002. Caja failed to comply with the discovery requests; and, on December 4, 2002, the Court awarded Plaintiff sanctions in the amount of $2,000.00 per day for Caja's refusal to respond in good faith with the requested discovery

materials. In July 2003, Caja provided responses to Plaintiff's interrogatories; however, Caja's response to interrogatory #2 was incomplete. At the September 30, 2003 status hearing, Plaintiff noted the deficiencies in Caja's responses. Caja's counsel offered the deposition of Dr. Guillermo Sobral, the current liquidator of Caja, to provide an explanation of the extent of the Ministry of the Economy's knowledge regarding Caja's assets. The Court ordered the parties to confer and prepare a joint status report.

On October 21, 2003, the parties presented their joint status report that Dr. Sobral would be deposed in Argentina "pursuant to U.S. Federal Rules of Civil Procedure" and that Caja's counsel would provide dates for the deposition. The parties requested ninety days to complete the deposition and to translate and analyze the transcript. The Court granted the request and set the next status hearing for January 27, 2004.

Caja failed to comply with the joint status report, and Plaintiff filed a Motion to Compel. In its response to Plaintiff's Motion to Compel, Caja stated that it would amend its answer to interrogatory #2, produce the requested documents, and make Dr. Sobral available for deposition in Buenos Aires pursuant to the Hague Convention of the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). Caja did not dispute Plaintiff's statement that the parties had previously agreed that Dr. Sobral's deposition would be taken as an American-styled, question-and-answer deposition. On February 26, 2004, the Court granted Plaintiff's Motion to Compel, ordering Caja to provide deposition dates for Dr. Sobral.

Subsequently, Caja sought "clarification" of the Court's February 26 Order, contending that Dr. Sobral should be deposed in accordance with the Hague Convention. On March 17, 2004, the Court held that Caja was judicially estopped from changing its position as to the means in which

Dr. Sobral's deposition would take place and that the case warranted the application of the Federal Rules of Civil Procedure as opposed to the Hague Convention. Accordingly, Dr. Sobral's deposition was to be conducted pursuant to Federal Rule of Civil Procedure 30.

The Ministry of the Economy, the entity that controls Caja, has failed to produce the documents that are still outstanding or to provide an answer responsive to interrogatory #2. In addition, the Ministry of the Economy has refused to produce Dr. Sobral for his deposition, claiming that the Court did not have authority to order Dr. Sobral's deposition, except via the letter rogatory process.

Plaintiff has moved to increase the sanctions against Caja to $4,000.00 per day as sanction against Caja for its failure to follow the Court's orders. Caja again argues that discovery should proceed via the letter rogatory process as provided by the Hague Convention. In the same argument, Caja seeks reconsideration of the Court's previous orders.

As to Caja's request that the Court reconsider its prior rulings, motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard

during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

In its response brief, Caja repeats essentially the same arguments already addressed by the Court in its previous orders. Accordingly, Caja's request that the Court reconsider its previous orders is denied.

Federal Rule of Civil Procedure 37 provides that a court may impose sanctions on a party or its attorney who fails to comply with a court order. *See* Fed. R. Civ. P. 37; *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). Sanctions for failing to follow a court order are appropriate as "[j]udicial orders must, unless stayed, be obeyed even when wrong." *Employers Ins. of Wausau v. El Banco De Seguros Del Estado*, 357 F.3d 666, 671-72 (7th Cir. 2004) (affirming district court's sanction of $2,000.00 per day and subsequent increase to $4,000.00 per day for continued noncompliance with court order).

In the instant case, Caja has repeatedly failed to obey the Court's orders. As indicated above, Caja simply repeats its same arguments that have already been rejected by the Court in defense of its continued disobedience of the Court's orders. Accordingly, increased sanctions are awarded.

For the foregoing reasons, Plaintiff's Motion for Increased Sanctions is granted. The *per diem* sanctions of $2,000.00, first imposed on December 4, 2002, are increased to $4,000.00 per day and continue to accrue until Caja complies with this Court's orders.

Dated: March 17, 2005

JOHN W. DARRAH
United States District Judge