IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**

APR 2 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| INTERNATIONAL INSURANCE CO., ) | |
| ) | |
| *Plaintiff,* ) | Civil Action No. |
| ) | 00-C-6703 |
| v. ) | |
| . ) | Judge Darrah |
| CAJA NACIONAL DE AHORRO Y SEGURO, ) | |
| ) | |
| *Defendant.* ) | |

## MOTION TO WITHDRAW AS COUNSEL OF RECORD AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Counsel for Defendant Caja Nacional de Ahorro y Seguro ("Caja"), listed below, hereby move, pursuant to L.R. 83.17, for permission to withdraw as counsel of record in the above-styled action. In support of this Motion, counsel for Defendant show the Court as follows:

### I. Introduction and Statement of Facts

The law firm of Alston & Bird LLP currently represents Defendant Caja in the instant action, having assumed representation of Caja from The Moreira Law Firm, P.C., in the Summer of 2003. Formerly associated with The Moreira Law Firm, P.C., as local counsel of record was Richard Rettberg of McKenna Storer. Mr. Rettberg moved for leave to withdraw as counsel of record from the action (Docket No. 91), upon nonpayment by Defendant Caja, on December 30, 2003, which motion was granted on January 20, 2004 (Docket No. 92). Mr. Rettberg's motion was based upon non-payment of legal fees in the approximate amount of $41,000 by Defendant Caja, which fees, upon information and belief, remain unpaid to this day.

Upon Mr. Rettberg's withdrawal from the case, Alston & Bird LLP was required by local rule to obtain new local counsel, duly and regularly admitted to practice before this Court. Alston & Bird LLP informed Defendant Caja (through the Ministry of Economy and Production of Argentina (the "Ministry"), which has assumed responsibility for Defendant Caja during its liquidation) of this requirement, and has continued to do so on a regular basis, without receiving authorization from Defendant Caja to retain local counsel as required. Accordingly, Alston & Bird LLP's continued representation of Defendant Caja in this matter as counsel of record is ostensibly in violation of local rule. Furthermore, Alston & Bird LLP is now owed approximately $66,000 in legal fees by Defendant Caja, which fees are unpaid and are not expected to be paid anytime in the foreseeable future.[1] Counsel has made numerous attempts to contact and communicate with Defendant Caja and the Ministry with regard to payment of these fees, without any response. Furthermore, counsel's repeated efforts to contact and communicate with Defendant Caja regarding the orders of Court requiring the production of responsive documents to outstanding discovery propagated by Plaintiff, and requiring the presentation of Mr. Guillermo Sobral for deposition under the provisions of Fed. R. Civ. P. 30, have gone entirely unheeded. As a result, sanctions pending against Defendant Caja for failure to comply with the orders of the Court have been increased, as of March 17, 2005 (Docket No. 115), to $4,000 per day. In light of the situation, counsel has left repeated messages, both oral and written, with Defendant Caja advising Defendant of their intention to move to withdraw as counsel of record. These messages too have gone unanswered.

---

[1] As of April 15, 2005, the fees in question amounted to $66,157.71.

## II. Argument and Citation of Authority

As recently as 2002, the Court of Appeals has affirmed that non-payment of legal fees is sufficient ground upon which to allow an attorney to withdraw from representation of a party as counsel of record. *See Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002). In *Fidelity Nat'l Title*, the court referenced Rule 1.16(b) of the American Bar Association's Model Rules of Professional Conduct, which provide that an attorney may withdraw as counsel of record where, among other things, a client fails to fulfill its obligations to a lawyer despite being reasonably warned by the lawyer that he intends to seek permission to withdraw as counsel of record, the continuing representation will result in an unreasonable financial burden upon the lawyer seeking permission to withdraw, or other good cause for withdrawal exists. *See id.* at 540.

In the instant case, Defendant Caja has failed to meet its payment obligations to counsel and has been duly warned of counsel's intention to seek permission to withdraw. "Litigants have no right to free legal aid in civil suits." *Id.* Furthermore, and even more distressing, Defendant Caja has apparently turned a blind eye to the orders of the Court requiring compliance with Defendant's post-judgment discovery obligations in terms of document production, complete responses to interrogatories, and the production of witnesses for deposition, despite urgent and repeated communication from counsel advising immediate attention to these matters. Defendant has further failed to act diligently in helping counsel obtain local counsel in accordance with the local rules of Court. In light of this non-cooperation, there is good cause for withdrawal under the provisions of Model Rule 1.16(b), as endorsed by the Court of Appeals.

In *Fidelity Nat'l Title*, Judge Easterbrook identified two scenarios in which permission to withdraw might be refused, despite the existence of good cause otherwise. One such scenario involves counsel's improper attempt to use a threat of withdrawal to extort fees from a client. *See id.* at 540-41. This scenario is inapplicable in the instant case, as counsel has not been paid for some time, nor does counsel expect to be paid in the foreseeable future (if ever). Any extortion attempt, therefore, in addition to being improper, would be utterly futile.

Judge Easterbrook also considered prejudice to third parties as a potential reason to withhold permission to withdraw. *See id.* at 541. In this case, the only party to experience possible prejudice would be Plaintiff, and that prejudice would be slight, and in no event of such significance as to warrant the denial of Defendant's counsel's motion. Plaintiff may object that Defendant's counsel is its only link to Defendant. However, as Defendant's counsel's repeated unanswered messages and inquiries with regard to Defendant's obligations to the Court and to its counsel have suggested, counsel is no more a link for Plaintiff to contact Defendant than if counsel were not present. Further, this action is in post-judgment proceedings. Default judgment has been rendered against Caja, and all Plaintiff's efforts since the entry of judgment have been directed toward expediting execution upon the judgment. All available information indicates that any assets subject to execution reside in Argentina, and Plaintiff has retained Argentine counsel to assist in collection and settlement efforts in Buenos Aires. Defendant's counsel respectfully submits that Plaintiff's future recourse to its Argentine counsel is more than sufficient to substitute for any tenuous link between Plaintiff and Defendant served by Defendant's counsel in this action. Further, as Judge Easterbrook noted,

-4-

counsel has no obligation to protect the interests of Defendant Caja's adversaries. *See id.* The primary consideration is therefore whether counsel's continuing representation serves any meaningul purpose in the pending action. Defendant's counsel submits that it does not. Finally, the denial of permission to withdraw as counsel would harm Defendant's counsel, by requiring it to continue accruing fees on behalf of Defendant Caja which will in all likelihood never be reimbursed, while Plaintiff will continue to occupy the position it now occupies. Forward progress toward Plaintiff's ends will not come through contact with Defendant's counsel in this action, but by the efforts of Plaintiff's counsel in Buenos Aires, which has direct access to the courts exercising power over the jurisdiction in which any remaining assets of Defendant Caja reside. In light of these realities, Defendant's counsel's withdrawal is warranted, proper, and fair in the instant case.

### III. Conclusion

For the foregoing reasons, counsel to Defendant respectfully requests that the Court grant it permission to withdraw as counsel of record, pursuant to L.R. 83.17.

Respectfully submitted this __19__ day of April, 2005.

*JP Smith*

H. Stephen Harris, Jr.
Ga. Bar No. 329941
Jack P. Smith III
Ga. Bar No. 659999
Admitted *pro hac vice*

Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL INSURANCE CO., | ) |
| | ) |
| *Plaintiff,* | ) Civil Action No. |
| | ) 00-C-6703 |
| v. | ) |
| | ) Judge Darrah |
| CAJA NACIONAL DE AHORRO Y SEGURO, | ) |
| | ) |
| *Defendant.* | ) |

### CERTIFICATE OF SERVICE

I certify that I have, this __19__ th day of April, 2005, served upon opposing counsel denoted below a true and correct copy by facsimile and first-class mail the foregoing Motion to Withdraw as Counsel of Record:

Julie Rodriguez Aldort
Butler Rubin Saltarelli & Boyd
70 W. Madison St., Suite 1800
Chicago, IL 60602.

*JP Smith*
_____
Jack P. Smith III