IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY, for itself and as Successor In Interest to International Surplus Lines Insurance Company, The North River Insurance Company, United States Fire Insurance Company and/or Westchester Fire Insurance Company Industrial Indemnity Company, United States Fire Insurance Company of Canada, Toronto, Ontario, and Herald Insurance Company of Canada, Toronto, Ontario, | |
| | Civil Action No. 00 C 6703 |
| Judgment Creditor, | Judge Darrah |
| v. | |
| CAJA NACIONAL DE AHORRO Y SEGURO, | |
| Judgment Debtor. | |

## INTERNATIONAL INSURANCE COMPANY'S PETITION TO REVIVE JUDGMENT

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, 735 ILCS 5/2-1602, and 735 ILCS 5/13-218, Judgment Creditor, International Insurance Company n/k/a TIG Insurance Company ("IIC"), by and through its attorneys, hereby petitions the Court to revive the judgment entered against Defendant, Caja Nacional de Ahorro y Seguro n/k/a The Republic of Argentina ("Caja"). In support of this motion, IIC states as follows:

1. On July 5, 2001, this Court entered judgment in favor of IIC and against Caja confirming the October, 2000, final arbitration award in favor of IIC and against Caja for $4,702,428.12.

2. As of June 30, 2014, post-judgment interest at the statutory rate of 9% has accrued in the sum of $3,953,865.

3. On December 4, 2002, the Court imposed sanctions against Caja pursuant to Rule 37 for its failure to make a good faith effort to comply with the Citation to Discover Assets in the amount of $2,000 per day.

4. On March 17, 2005, the Court increased sanctions against Caja pursuant to Rule 37 to $4,000 per day.

5. As of June 30, 2014, the sanctions imposed on Caja, at the rate of $2,000 per day from December 4, 2002 through March 16, 2005 and at the rate of $4,000 per day from March 17, 2005 through the present, total $15,234,000.

6. On March 13, 2003, the Court awarded IIC $8,060 in attorney's fees.

7. Accordingly, as of June 30, 2014, the judgment debt Caja owes to IIC is $23,898.354.

8. The entry "of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003).

9. The judgment has not been vacated or satisfied. Caja has paid no amount in satisfaction of the judgment and is entitled to no credits.

WHEREFORE, Plaintiff respectfully requests that the judgment entered on July 5, 2001, be revived.

July 1, 2014

  /s/ Joseph P. Noonan III
James I Rubin (Attorney I.D. No. 02413191)
Julie Rodriguez Aldort (Attorney I.D. No. 06271412)
Joseph P. Noonan III (Attorney I.D. No. 6278142)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison, Suite 1800
Chicago, Illinois 60602
312-444-9660
*Attorneys for Judgment Creditor*
*International Insurance Co.*
*n/k/a TIG Insurance Co.*

517490